## Case No. 2,449.

### CARRINGTON v. FORD et al.

[4 Cranch, C. C. 231.][1]

Circuit Court, District of Columbia.   May Term, 1832.

PLEADING AND PROOF—VARIANCE—AMENDMENT—DISCHARGE OF BAIL.

1. A note signed "Ford & Chapman" (they being partners and joint contractors), and payable to the plaintiff, was held not to be admissible evidence to support an averment that the note was made by the defendants, their own handwriting being thereto subscribed (not charging them as partners), and payable to the plaintiff, "or order."

2. Bail will not be discharged, upon leave to amend the declaration. unless the amendment charges a cause of action different from that upon which bail was given.

3. An amendment conforming the declaration to the cause of action upon which bail was given will not authorize a discharge of the bail.

At law.   The declaration charged that the defendants, not charging them as partners, made their promissory note, their own proper hand being thereto signed, and thereby, one day after date thereof, promised to pay to the plaintiff, "or order," $74.93 for value received by them.   The note produced in evidence was signed "Ford & Chapman." in the handwriting of Chapman only;. and was not payable to the plaintiff, "or order," as charged in the declaration.

Mr. Redin, for defendants, objected that the note was not signed by the defendants nor payable to the plaintiff, "or order."

THE COURT thought both objections fatal; but permitted the plaintiff to amend his declaration on payment of the costs of this term.

Mr. Redin then moved the court to exonerate the bail, and cited Wilson's Adm'r v. Berry [Case No. 17,791]. in this court at May term, 1826; Hyer & Burdett v. Smith [Id. 6,979], at May term. 1829; 1 Chit. Pl. 246; Kerr v. Sheriff, 2 Bos. & P. 358; and Wilks v. Adcock. 8 Term R. 27.

Without the amendment the plaintiff would be nonsuited and the bail discharged.   The note was filed before bail was given.

THE COURT (MORSELL, Circuit Judge, contra) refused to discharge the bail.

CRANCH, Chief Judge, said, that the reason for discharging bail, upon amending the declaration, is, that it would be unjust to charge the bail upon a cause of action differ-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ent from that upon which the bail was originally given; or where the amendment is of a defect existing at the time of entering bail and which would have defeated the plaintiff's action, but for such amendment.   In the present case, the amendment prayed is to make the declaration conform to the original cause of action filed in court at the time of ruling bail and before the declaration was filed;  not to cause a variance.